IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE SERVANTS OF THE PARACLETE, INC.,
a New Mexico non-profit corporation,

        Plaintiff,

v.                                                                CIV. No. 93-236 JP/DJS

ST. PAUL FIRE AND MARINE INSURANCE COMPANY,
JOHN DOES I-XVI and JOHN DOES I-IV,

        Defendants.

## MEMORANDUM OPINION AND ORDER

On July 24, 1998 St. Paul Fire and Marine Insurance Company filed its "Motion for Relief from the Judgment" (Doc. No. 615). After a review of the briefs and the exhibits, I conclude that the motion should be denied.

St. Paul seeks relief from the final judgment in this case under Rule 60(b)(1) of the Federal Rules of Civil Procedure, which provides that "the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: mistake, inadvertence, surprise, or excusable neglect." In essence, St. Paul argues that it had no actual knowledge that a final judgment had been entered in this case until July 17, 1998, more than six months after entry of the final judgment on January 15, 1998. St. Paul contends that relief under Federal Rule of Civil Procedure 60(b) is appropriate to prevent St. Paul from losing its opportunity to appeal in compliance with Federal Rule of Appellate Procedure 4(a)(5).

On December 9, 1997, I entered a Memorandum Opinion and Order disposing of the two

remaining issues that needed to be resolved before a final declaratory judgment could be entered. The December 9, 1997 Memorandum Opinion and Order granted the request of the Minnesota John Does for prejudgment interest, and denied the request of St. Paul Fire and Marine Insurance Company for a setoff.  Then, by letter dated December 22, 1997, I asked counsel to prepare an appropriate form of a declaratory judgment setting forth rulings made in Findings of Fact and Conclusions of Law (Docket No. 596) filed January 23, 1997, Supplemental Findings of Fact and Conclusions of Law (Docket No. 599) filed June 3, 1997, and the Memorandum Opinion and Order relating to prejudgment interest and setoff (Docket No. 605) filed December 9, 1997.  I specifically requested that Attorney Mark A. Wendorf, on behalf of the Minnesota John Does, and Jeffrey J. Bouslog, on behalf of St. Paul Fire and Marine Insurance Company, prepare the agreed form of Declaratory Judgment.  In response, by a joint letter dated December 30, 1997, Mr. Wendorf and Mr. Bouslog submitted an agreed form of Declaratory Judgment.  The December 30, 1997 letter and the enclosed agreed form of Declaratory Judgment were received during the early part of 1998 and on January 9, 1998, I signed and filed the agreed Declaratory Judgment. The Declaratory Judgment was entered on the docket of the court on January 15, 1998.

      The fact that Mr. Wendorf and Mr. Bouslog jointly prepared the agreed Declaratory Judgment and sent it to me with their joint letter of December 30, 1997 should have put both of them on notice that I would sign and file the Declaratory Judgment soon after receiving it.  The joint letter of December 30, 1997 from Mr. Wendorf and Mr. Bouslog specifically states "We do not believe that any further proceedings are necessary in order to have judgment entered."

      Mr. Bouslog asserts that he did not receive a file-stamped copy of the Declaratory Judgment from the Clerk's Office after its entry.  However, it is undisputed that Robert Mroz,

2

New Mexico co-counsel for St. Paul Fire and Marine Insurance Company, did receive notice of the entry of the Declaratory Judgment.

The December 30, 1997 joint letter from Mr. Wendorf and Mr. Bouslog also stated "The John Does do intend to submit a Motion for Taxation of Costs which will be filed in the near future." The "John Does' Motion for Taxation of Costs" (Docket No. 607) was filed February 9, 1998, and Mr. Bouslog admits that he received a copy of that motion. The "John Does's Motion for Taxation of Costs" states, in part, "This Motion is made on the grounds that the Defendant John Does are the prevailing parties under Rule 54(d)(1) and that in the Declaratory Judgment filed January 9, 1998, the Court declared that the John Does are entitled to taxable costs and disbursements." Although Mr. Bouslog may not have received a copy of the Declaratory Judgment filed January 9 and entered on the docket on January 15, 1998, his receipt of the John Does' Motion for Taxation of Costs clearly notified him that the Declaratory Judgment had been filed January 9, 1998. On March 10, 1998, "St. Paul Fire and Marine Insurance Company's Response to John Does' Motion for Taxation of Costs" (Docket No. 610) – signed by Jeffrey J. Bouslog – was filed. On April 6, 1998 "St. Paul Fire and Marine Insurance Company's Supplemental Brief in Opposition to Taxation of Costs" (Docket No. 613) – also signed by Jeffrey J. Bouslog – was filed. The supplemental brief, in its first sentence specifically referred to the John Does' Motion for Taxation of Costs which had specifically referred to "The Declaratory Judgment filed January 9, 1998 . . ." The court must assume that Jeffrey J. Bouslog, who signed the supplemental brief that referred specifically to the John Does' Motion for Taxation of Costs must have read the John Does' Motion for Taxation of Costs. The extensive briefing regarding the Motion for Taxation of Costs and the entry on May 26, 1998 of the Clerk's Order Settling

Costs (Docket No. 614) also should have alerted all counsel to the fact that the final Declaratory Judgment had previously been entered.

In short, there simply is no basis for a finding of excusable neglect under FED. R. CIV. P. 60.

Even if excusable neglect did exist in this case, Rule 60 of the Federal Rules of Civil Procedure could not supercede Rule 4 of the Federal Rules of Appellate Procedure, which contemplates circumstances in which a party seeks relief from a judgment and an extension of the time to appeal. Appellate Rule 4(a) generally requires that a notice of appeal must be filed within thirty days after the date of entry of the judgment. Federal Rule of Appellate Procedure 4(a)(4)(F) does extend the time allotted for filing a notice of appeal, but only in cases in which a motion for relief under Rule 60 of the Federal Rules of Civil Procedure was filed within ten days after the entry of the judgment. Because St. Paul did not file its motion for relief from the judgment under Federal Rule of Civil Procedure 60 until more than six months after the entry of the Declaratory Judgment, Federal Rule of Appellate Procedure 4(a)(4)(F) does not aid St. Paul's cause.

Federal Rule of Appellate Procedure 4(a)(5) gives a district court the authority to extend the time for filing a notice of appeal upon a motion filed not later than thirty days after the expiration of the time allotted by Appellate Rule 4(a). However, Appellate Rule 4(a)(5) requires a showing of excusable neglect or good cause, which are absent in this case. Furthermore, St. Paul failed to file its motion within the thirty days provided by Appellate Rule 4(a)(5).

Federal Rule of Appellate Procedure 4(a)(6) permits a district court to reopen the time for appeal, but only where a party did not receive notice of the entry of a judgment within twenty one

days of its entry and the court finds that no party would be prejudiced.  Even if I were to find that both requirements were satisfied, something I cannot do, this would not help St. Paul because Appellate Rule 4(a)(6) applies only where a motion to reopen the time for appeal is filed either within 180 days after the entry of the judgment or within seven days of receipt of notice of entry, whichever is *earlier*.  The Declaratory Judgment in this case was filed January 9, 1998 and was entered on the docket on January 15, 1998.  July 14, 1998 was 180 days after January 15, 1998.  St. Paul's motion for relief from the Declaratory Judgment was filed on July 24, 1998, seven days after St. Paul's Minnesota co-counsel, Mr. Bouslog, claims he first learned of the Declaratory Judgment on July 17, 1998.  The earlier of the two dates contemplated by Appellate Rule 4(a)(6) was July 14, 1998, but St. Paul failed to file its motion by that day.  Thus, Appellate Rule 4(a)(6) can provide St. Paul no relief.

    IT IS THEREFORE ORDERED that St. Paul's Motion for Relief from the Judgment (Doc. No. 615) is DENIED.

                                        /s/ James A. Parker
                                      UNITED STATES DISTRICT JUDGE