IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE SERVANTS OF THE PARACLETE, INC.,
a New Mexico non-profit corporation,

            Plaintiff,

v.                                                               CIV. No. 93-236 JP/DJS

ST. PAUL FIRE AND MARINE INSURANCE COMPANY,
JOHN DOES I-XVI and JOHN DOES I-IV,

            Defendants.

## MEMORANDUM OPINION AND ORDER

On September 8, 1998 Defendant St. Paul Fire and Marine ("St. Paul") filed its "Motion to Reconsider, Or, in the Alternative, to Vacate the Judgment for Lack of Finality" (Doc. No. 626). After a careful review of the law and the briefs, I conclude that the motion should be denied.

### Background

In its motion, St. Paul argues that it is entitled to relief from the January 15, 1998 Declaratory Judgment under Rule 60(b)(1) because its failure to file a timely notice of appeal was due to excusable neglect stemming from the fact that its Minnesota counsel, Jeffrey Bouslog, did not receive notice of entry of the judgment. St. Paul contends that Federal Rule of Appellate Procedure 4(a)(6) does not prevent a district court from granting relief from such a judgment. This is a repetition of the argument put forth by St. Paul in its earlier Motion for Relief from the Judgment filed July 24, 1998. In the alternative, St. Paul argues that the January 15, 1998

Declaratory Judgment is not a final and appealable decision and requests that I vacate that judgment and allow the parties to litigate the issue of the reasonableness of the Miller-Shugart agreements. This is a new legal argument that could have been raised when St. Paul filed its original motion for relief from the Declaratory Judgment.

The Tenth Circuit has held that Rule 59(e) does not enable a party to reargue an issue previously addressed by the court when the motion to reconsider merely reasserts arguments already made or advances new arguments or supporting facts which were available for presentation at the time of the original argument. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991) ("[R]evisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original [motion] was briefed is likewise inappropriate."), cert. denied, 506 U.S. 828, 113 S.Ct. 89 (1992).

St. Paul's motion to reconsider should be denied for its failure to raise new arguments that could not have been raised in the initial motion. However, it also fails on the merits.

### Relief under Rule 60(b)(1)

St. Paul argues that Federal Rule of Civil Procedure 60(b)(1) may relieve a party from a judgment when that party has no remedy under Federal Rule of Appellate Procedure 4(a)(6). St. Paul relies on Wallace v. McManus, 776 F.2d 915 (10th Cir. 1985) and Jenkins v. Burtzloff, 69 F.3d 460 (10th Cir. 1995). Both cases involved pro se inmates seeking relief from final judgments in accordance with Federal Rule of Civil Procedure 60(b)(1). In Wallace, the court concluded that a movant may benefit from the remedy of Fed. R. Civ. P. 60(b)(1) when relief under Fed. R.

App. P. 4(a)(5) is precluded because the movant did not receive notice of the judgment within thirty days of the expiration of the time to appeal. Wallace, 776 F.2d at 917. Similarly, in Jenkins the court held that where relief is available under Federal Rule of Appellate Procedure 4(a)(6), a party cannot obtain relief under Federal Rule of Civil Procedure 60(b)(1). Jenkins, 69 F.3d at 464. However, none of the cases cited by St. Paul expressly state that relief is available under Federal Rule of Civil Procedure 60(b)(1) when redress under Federal Rule of Appellate Procedure 4(a)(6) is unavailable because the movant filed its motion for relief from a judgment more than 180 days after the judgment was entered. Reading Wallace and Jenkins together, St. Paul simply infers that Federal Rule of Civil Procedure 60(b)(1) may relieve a party from a judgment when that party has no remedy under Federal Rule of Appellate Procedure 4(a)(6). St. Paul does not address the possibility that Federal Rule of Appellate Procedure 4(a)(6) should be interpreted as an "outer limit" of 180 days beyond which relief from a judgment is unavailable.

Even assuming that St. Paul's interpretation is correct, St. Paul still cannot meet the requirements of Rule 60(b)(1) because it has not demonstrated "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). In addition, St. Paul cannot show that it exercised "due diligence" as required to prevail in its motion. See Wallace, 776 F.2d at 917 (stating that party requesting relief under Rule 60(b)(1) on the basis of excusable neglect due to failure to learn of the entry of judgment must demonstrate "due diligence to ascertain whether the judgment has been entered, or sufficient reason for the lack of such diligence.") (quoting Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc)).

St. Paul has argued that its failure to file a timely notice of appeal was due to the fact that its "primary" counsel, Jeffrey Bouslog, did not receive a copy of the Declaratory Judgment.

3

Although St. Paul acknowledges that its New Mexico counsel, Robert Mroz, did receive a copy of the Declaratory Judgment, it argues that such notice was inadequate. In so arguing, St. Paul neglects to cite controlling authority in support of its contention and virtually ignores the Tenth Circuit's decision in Gooch v. Skelly Oil Company, 493 F.2d 366 (10th Cir.), cert. denied, 419 U.S. 997, 95 S.Ct. 311 (1974). Gooch presented a set of facts very similar to those in this case. In Gooch, the plaintiffs had filed a motion under Federal Rule of Appellate Procedure 4 for an extension of time to file a notice of appeal. Id. at 368. The plaintiffs argued that their failure to file a timely notice of appeal constituted excusable neglect because a copy of the trial court's judgment had been sent to plaintiffs' "secondary" attorney but not to their "principal" attorney, although both were counsel of record. Id. In ruling that the trial court had erred in granting the plaintiffs' motion to extend the time in which to file their appeal, the Tenth Circuit emphasized that one of the two counsel of record had received notice of the judgment from the clerk of court, which substantially weakened the plaintiffs' argument in favor of a finding of excusable neglect. Id. at 370. The court also noted that even in those cases where the only counsel of record had not received notice of a judgment from the clerk, that fact did not necessitate a finding of excusable neglect. Id.

St. Paul attempts to distinguish Gooch on the ground that it deals with a motion under Federal Rule of Appellate Procedure 4 and not a motion brought under Federal Rule of Civil Procedure 60(b). However, St. Paul offers no authority to support an argument that the standard to be applied in determining the existence of "excusable neglect" under Appellate Rule 4 is materially different than that to be applied to a motion brought under Civil Rule 60(b)(1). St. Paul has simply failed to establish excusable neglect.

4

In addition, St. Paul has failed to demonstrate due diligence. There is no evidence that, in the more than six months between the entry of the judgment and the time that St. Paul filed its motion for relief from the judgment, St. Paul's "primary counsel" ever attempted to ascertain whether the stipulated judgment–which "primary counsel" signed and helped prepare–had been entered. St. Paul's "primary counsel" did not call or write to the Office of the Clerk of Court. St. Paul's "primary counsel" did not consult the docket sheet, which is available to the public on the district court's website on the Internet. "Primary" counsel for St. Paul did not read the John Does' Motion for Costs, which contained notification to St. Paul that a judgment had been entered in January of 1998. Finally, Minnesota "primary" counsel for St. Paul never discussed the matter with St. Paul's local counsel, Robert Mroz. St. Paul was clearly not in the same position as the "uncounselled incarcerated civil rights plaintiff" in <u>Wallace</u>. 776 F.2d at 917. In short, St. Paul failed to exercise due diligence in monitoring the progress of the case.

St. Paul attempts to blame its lack of diligence on the long delays that have occurred in the litigation of this case. However, this was not a contested motion containing complex issues of fact and law. Rather, the Declaratory Judgment was prepared and signed by primary counsel for the parties and required only my signature before being entered on the docket. In their joint letter to me dated December 30, 1997, primary counsel for the parties–Mark A. Wendorf for the John Does and Jeffrey J. Bouslog for St. Paul–expressly stated that they were submitting an agreed form of Declaratory Judgment and that nothing further needed to be done before it was entered. It was not reasonable for St. Paul to believe that the entry of the Declaratory Judgment, approved by its "primary" counsel, could take more than six months. Consequently, St. Paul has also failed to show due diligence.

5

**The Validity of the Final Judgment**

It has been more than eight months since St. Paul stipulated to entry of the Declaratory Judgment via letter dated December 30, 1997. After filing a motion for relief from that judgment on July 24, 1998, St. Paul now argues that the stipulated Declaratory Judgment is not a final and appealable decision because it does not determine the exact amount of St. Paul's liability, but instead leaves the issue of the reasonableness of the Miller-Shugart agreements to arbitration.

The Tenth Circuit has not squarely addressed the question presented here: whether a judgment that determines liability but leaves the exact amount of damages to binding arbitration is a "final decision" under 28 U.S.C. § 1291. However, the Tenth Circuit has made clear that a judgment does not constitute a final decision if it determines liability but leaves damages uncalculated. Albright v. UNUM Life Ins. Co. of America, 59 F.3d 1089, 1092-93 (10th Cir. 1995). The court reasoned that when calculating damages would be complicated or could result in a separate and future appeal, then the judgment is not "final" such that a Court of Appeals can assume appellate jurisdiction. Id. at 1093. However, when the amount of damages awarded "speaks for itself," despite the fact that damages are not enumerated in the judgment, a Court of Appeals can assume jurisdiction under the exception to final order doctrine. Id.

There is no danger of a new and separate appeal in this case. The parties have divorced the issue of the validity of the Miller-Shugart agreements from the underlying issue of liability by agreeing to litigate liability in this court while submitting the amount of damages to binding arbitration. The Declaratory Judgment, which determined liability, disposed of all the issues before this court. Because I cannot determine the amount of damages in this declaratory judgment action, there is no danger of a separate appeal of that issue. Under these circumstances,

6

the Declaratory Judgment is a final order under 28 U.S.C. § 1291.  In a case presenting very similar facts, the Third Circuit adopted similar reasoning and held that where the district court resolved all issues other than those the parties agreed to submit to arbitration, the court's judgment produced a final order because it resolved all that the parties had chosen to present to the court.  Aluminum Co. of America v. Beazer East, Inc., 124 F.3d 551, 559-61 (3d Cir. 1997).[1]  The stipulated Declaratory Judgment entered January 8, 1998 expressly resolved all issues before this court and therefore constitutes a final, appealable order.

Finally, St. Paul contends that the agreement between St. Paul and the John Does to arbitrate the validity of the Miller-Shugart agreements was conditioned upon St. Paul's ability to appeal the Declaratory Judgment, an assertion that the John Does contest.  St. Paul further argues that because the Declaratory Judgment was not a final, appealable judgment, that condition cannot be fulfilled and the agreement to arbitrate is void.  As explained above, the Declaratory Judgment was a final, appealable judgment.  St. Paul had the ability to appeal, but simply failed to do so in a timely manner. Therefore, even if St. Paul is correct in its assertion that the arbitration agreement was conditioned upon St. Paul's ability to appeal the Declaratory Judgment, the arbitration agreement remains valid.

---

[1] The Fifth Circuit reached the opposite conclusion in Way v. Reliance Ins. Co., 815 F.2d 1033 (5th Cir. 1987).  However, I find the Fifth Circuit's reasoning in that case to be unpersuasive.

IT IS THEREFORE ORDERED that St. Paul's "Motion to Reconsider, Or, in the Alternative, to Vacate the Judgement for Lack of Finality" (Doc. No. 626) is DENIED.

_____
**UNITED STATES DISTRICT JUDGE**